UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOTTA JENKINS,

       Plaintiff,

v.                                Case No. 8:10-cv-2635-T-30TBM

TAMPA HOUSING AUTHORITY
and MICHAEL MOSLEY,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

       THIS MATTER is before the court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. In pertinent part, § 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at (e)(2)(A), (B).

       Upon review of the Plaintiff's Affidavit of Indigency (Doc. 2), I find that the Plaintiff has failed to provide sufficient evidence to substantiate that she cannot afford to pay the fees

associated with her lawsuit.  Here, it is unclear from the Affidavit of Indigency whether Plaintiff's husband, from whom she is separated, is employed.  While Plaintiff states that she has one dependent to whom she contributes $200 per month, Plaintiff is unemployed and the source of that money is not documented.  To this end, Plaintiff does not list any assets or address whether she has any cash in the bank or has received any monies during the last twelve months.  She also fails to list her financial obligations and debts, if any.  While Plaintiff may be able demonstrate entitlement to *in forma pauperis* status since she was receiving housing assistance from the county (Doc. 1 at 3), her instant Affidavit of Indigency is incomplete and a determination on such cannot be made.

Plaintiff's Complaint is also problematic.  In her Complaint, Plaintiff alleges jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.  Plaintiff, however, does not allege any type of employment discrimination.  Rather, by her Complaint, Plaintiff alleges that the Tampa Housing Authority and Michael Mosley, an employee of the Tampa Housing Authority and her counselor, terminated her from the Section 8 Program on the basis of false allegations.  She also alleges that Mr. Mosley's second [unidentified] job resulted in a conflict of interest "with the decisions that were made on the Privacy Act and fair consideration." (Doc. 1).  Thus, Plaintiff appears to be seeking either an appeal of the determination to end her entitlement to Section 8 housing assistance or constitutional claims related to the same.  It is not clear what Plaintiff is seeking as against Mr. Mosley.  Nonetheless, given Plaintiff's allegations, there are no claims under Title VII.

Accordingly, it is RECOMMENDED that the court DENY without prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) and direct Plaintiff to submit an amended Affidavit of Indigency that fully and legibly sets forth her responses to all questions on the Affidavit of Indigency form. It is RECOMMENDED further that the court direct Plaintiff to submit an Amended Complaint that includes "a short and plain statement of the claim showing that [she] is entitled to relief" in compliance with Rule 8 of the Federal Rules of Civil Procedure.

Respectfully submitted on this
6th day of January 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, United States District Judge
Pro se Plaintiff